UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH DUGAN,<br><br>                       Plaintiff,<br>   vs.<br>AMERICAN PUBLIC UNIVERSITY SYSTEM, INC.,<br><br>                      Defendant. | CASE NO. 15cv2162-LAB (RBB)<br><br>**ORDER DENYING MOTION TO CHANGE VENUE (DOCKET NO. 5)** |

Elizabeth Dugan sued her former employer, American Public University System, alleging labor code violations. American Public seeks to transfer the case to the Northern District of West Virginia on the basis of a clause in Dugan's offer letter. (Docket no. 5.) Dugan argues that the clause is permissive, so it doesn't forbid her from filing this lawsuit in her chosen forum. (Docket no. 8.) The clause states:

> The Laws of the State of West Virginia, excluding the choice of law provisions thereof, shall apply to this agreement. You hereby irrevocably consent and submit to the jurisdiction of the United States District Court for the Northern District of West Virginia or the Courts of Jefferson County, West Virginia in any action or proceeding arising out of or relating to this Agreement, and you hereby irrevocably agree that all claims in respect of any such action or proceeding may be heard and determined in such courts.

(Docket no. 1-2, Exhibit A.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought

1    or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).
2    Normally, district courts applying section 1404(a) weigh a variety of private- and
3    public-interest factors and decide whether "a transfer would serve the convenience of parties
4    and witnesses and otherwise promote the interest of justice." *Atl. Marine Const. Co. v. U.S.*
5    *Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (internal quotation marks
6    omitted). Where there's a *mandatory* forum selection clause, "[t]he calculus changes"
7    because the clause "represents the parties agreement as to the most proper forum." *Id.*
8    (internal quotation marks omitted). In that case, the forum selection clause is "given
9    controlling weight in all but the most exceptional cases." *Id.* Where the clause is *permissive*,
10   however, it "only confers jurisdiction in the designated forum, but does not deny plaintiff his
11   choice of forum, if jurisdiction there is otherwise appropriate." *Glob. Seafood Inc. v. Bantry*
12   *Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) (internal quotation marks omitted).

13   "Mandatory forum selection clauses . . . require that disputes *must* be brought in the
14   designated forum, to the exclusion of all other fora where jurisdiction may also lie." *Glob.*
15   *Seafood Inc.*, 659 F.3d at 225. Where "only jurisdiction is specified," the clause "will
16   generally not be enforced without some further language indicating the parties' intent to
17   make jurisdiction exclusive." *Id.* "Forum selection clauses lacking any clear exclusionary
18   or obligatory language—i.e., specific language of exclusion—are, therefore, permissive and
19   not subject to a presumption of enforceability." *Id.* (internal quotation marks omitted). The
20   operative phrase in Dugan's offer letter provides that she "irrevocably consent[s] and
21   submit[s] to the jurisdiction of" specified West Virginia courts. (Docket no. 1-2, Exhibit A.)
22   Courts consistently hold that this language creates a permissive forum selection clause
23   because it lacks clear exclusionary or obligatory language. *See, e.g., Polk Cty. Recreational*
24   *Ass'n v. Susquehanna Patriot Commercial Leasing Co.*, 734 N.W.2d 750, 758-59 (Neb.
25   2007) (finding a forum selection clause providing that "the parties consent and submit to the
26   jurisdiction of Pennsylvania courts" was permissive); *Ellington Credit Fund, Ltd. v. Select*
27   *Portfolio Servicing, Inc.*, 2007 WL 3256210, at *3 (W.D. Tex. Nov. 2, 2007) (finding forum
28   selection clause where parties agreed to "irrevocably submit to the jurisdiction of the United

States District Court for the Southern District of New York and any court in the State of New York located in the City and County of New York" was permissive). Likewise, the last portion of the clause at issue here employs the word "may" rather than "must" or "shall," and therefore does no more than establish that jurisdiction is proper in the specified West Virginia courts; it doesn't require West Virginia courts as the exclusive forum.

Because the forum selection clause is permissive, it remains American Public's burden to establishing the factors considered by the Court in the § 1404(a) analysis. *Elorac, Inc. v. Sanofi-Aventis Canada Inc.*, 2014 WL 7261279, at *13 (N.D. Ill. Dec. 19, 2014). American Public's argument is premised on its contention that the clause is mandatory; it didn't provide analysis as to whether transfer pursuant to § 1404(a) would be appropriate if the Court found the clause permissive. Thus, American Public hasn't met its burden to show transfer is proper. The motion to change venue (Docket no. 5) is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 24, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge