## MINUTES OF THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

Elizabeth Dugan v. American Public University System, Inc.     Case No.: 15cv2162 LAB RBB
                                                                Time Spent:

HON. RUBEN B. BROOKS          CT. DEPUTY VICKY LEE          Rptr.

Attorneys

Plaintiffs                                                  Defendants

PROCEEDINGS:        ☐ In Chambers        ☐ In Court        ☐ Telephonic

On September 21, 2016, Plaintiff Elizabeth Dugan filed an Ex Parte Application to Extend Discovery Cut-Off Date Or Shorten Notice On a Motion to Extend Discovery Cut-Off [ECF No. 33].

"Ex parte motions are rarely justified[.]" Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). Relief on an ex parte basis is properly requested where limiting communication to the court is necessary because notice to the other party "might nullify the ability ever to achieve the end sought." Id. Often times, however, ex parte requests merely seek to bypass "the framework of the rules" and "ask the court to hold a hearing urgently." Id. A movant bringing an ex parte application has the burden to show that relief is warranted.

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

Mission Power Eng'g Co., 883 F. Supp. at 492.

Plaintiff's ex parte request seeks to extend the September 21, 2016 deadline for completing discovery by 180 days to allow Plaintiff to take depositions, and also to continue the Mandatory Settlement Conference currently set for October 12, 2016. (Pl.'s Ex Parte App. 2, ECF No. 33.) Plaintiff represents that her counsel met and conferred with Defendant's attorneys prior to bringing thus request to the Court, and Defendant intends to oppose the Ex Parte Application. (Id.)

Filing an ex parte motion requires the court to "drop[] everything except other urgent matters to study the papers." Mission Power Eng'g Co., 883 F. Supp. at 491. "Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." Moore v. Chase, Inc., No. 1:14-CV-01178-SKO, 2015 WL 4393031, at *4 (E.D. Cal. July 17, 2015) (quoting Clark v. Time Warner Cable, No. CV-07-1797-VBF (RCx), 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007)). "Ex parte relief is generally disfavored when relief may be had through a regularly-noticed motion." Fernandez v. City of Los Angeles, Case No. CV 08-05044 DDP (SHx), 2009 WL 2169482, at *1 (C.D. Cal. July 16, 2009).

<u>Elizabeth Dugan</u> v. <u>American Public University System, Inc.</u>        Case No.:  <u>15cv2162 LAB RBB</u>

Here, the Court issued its Scheduling Order on February 8, 2016 [ECF No. 18].  The parties were aware of the deadlines set for discovery completion for the last seven months.  The Court extended the fact discovery deadline once pursuant to the parties' joint request [ECF No. 28].  Plaintiff has not demonstrated diligence because she was aware of the September 21, 2016 deadline to complete fact discovery yet waited until the last day to seek an extension from the Court.  The moving party must be "without fault" in creating the need for ex parte relief or establish that the "crisis [necessitating the ex parte application] occurred as a result of excusable neglect."  <u>Moore</u>, 2015 WL 4393031, at *4 (quoting <u>Clark</u>, 2007 WL 1334965, at *1).  Furthermore, Dugan does not argue that she will be irreparably harmed unless the Court decides this matter on an emergency basis.  Given all the circumstances, the Court concludes that Plaintiff failed to establish good cause for ex parte relief.  Accordingly, the Ex Parte Application is DENIED.

If Plaintiff wishes to bring her request to be considered on a regular noticed motion, she should contact the Court to obtain a hearing date and file her motion.

DATE: <u>September 21, 2016</u>          IT IS SO ORDERED:          *Ruben Brooks*

                                                                        Ruben B. Brooks,
                                                                        U.S. Magistrate Judge

cc: Judge Burns
    All Parties of Record